**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1119-19

ALLEN S. GLUSHAKOW,
M.D., P.A.,

      Plaintiff-Appellant,

v.

ANDREA KUNAK a/k/a
ANDREA KUNAK-SHARKEY,
and CECILIA W. BLAU, ESQUIRE,

      Defendants-Respondents.

_____

Argued January 11, 2021 – Decided April 19, 2021

Before Judges Messano and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7032-14.

James C. Mescall argued the cause for appellant (Mescall & Acosta, PC, attorneys; James C. Mescall, on the briefs).

Andrea Kunak, respondent, argued the cause pro se.

Cecilia W. Blau, Esq., respondent, argued the cause pro se.

PER CURIAM

Plaintiff Allen S. Glushakow, M.D., P.A., appeals the May 10, 2019 and June 21, 2019 orders — granting his requests for attorney's fees — because they did not include any award of attorney's fees for defending the appeal by defendants Andrea Kunak-Sharkey and Cecilia W. Blau, Esq. in Glushakow v. Kunak, A-2405-16 (Glushakow I) (App. Div. Mar. 5, 2019). For reasons that follow, we affirm.

In Glushakow I, plaintiff sued Kunak, his former patient, and Blau, Kunak's attorney, for payment of his charges for knee surgeries performed on Kunak. The jury awarded a judgment of $24,359.47 in favor of plaintiff and against defendants for breach of contract. Glushakow I, slip op. at 7. Plaintiff requested an award for attorney's fees. On January 6, 2017, the trial court awarded plaintiff $31,669.90 for attorney's fees and $17,538.81 in interest. Ibid. Defendants appealed the jury's verdict and attorney fee order.

On appeal, we affirmed the jury's verdict and the award of pre-judgment interest. Id. at 17. We reversed the attorney fee award, however, and remanded that issue because the trial court had not analyzed the factors in R.P.C. 1.5, addressed the arguments by defendants that "certain fees should not be included"

A-1119-19

or provided its reasoning in support of the award. Ibid. We did not retain jurisdiction.

Plaintiff filed a motion in the trial court on March 19, 2019, requesting the entry of a final judgment and an award of counsel fees, interest and costs. Counsel's supporting certification asked for additional fees incurred after the initial fee award — including for the appeal — in the amount of $17,175. Defendants opposed the motion.

On May 10, 2019, the trial court redetermined the attorney fee award, but limited its decision to fees related to the trial, not the appeal. The trial court reasoned that if plaintiff wanted fees for the appeal, he should file a motion with the Appellate Division, not the trial court. The May 10, 2019 order entered a final judgment of $24,359.47, as awarded by the jury, plus $32,969.90 in attorney's fees and $16,436.40 in interest.

Within days, plaintiff filed a motion with the trial court to correct the May 10, 2019 order, citing errors. The trial court's June 21, 2019 order vacated the earlier order, entered a judgment for $24,359.47 and awarded attorney's fees of $32,969.90, but increased the amount of the interest awarded to $28,500 for a total judgment of $85,829.37. Fees related to the appeal were not included.

On May 20, 2019, plaintiff filed a motion with the Appellate Division that requested attorney's fees for the appeal in Glushakow I. That motion could not be filed, however, because a petition for certification was pending before the Supreme Court.

The petition for certification was denied on October 7, 2019. Glushakow v. Kunak, 239 N.J. 509 (2019). Thereafter, on October 16, 2019, plaintiff filed another motion with the Appellate Division, this time requesting $23,250 for appellate fees related to Glushakow I. By order entered on November 7, 2019, we denied plaintiff's motion.

On November 18, 2019, plaintiff filed this appeal of the May 10, 2019 and June 21, 2019 orders. It is clear that the attorney's fees requested in this appeal are the same attorney's fees we denied in our order entered on November 7, 2019. The same fees simply have been requested under a different docket number.

On appeal, plaintiff contends that in Glushakow I, he asked for an award of attorney's fees for his legal services on appeal. He argues that our remand to the trial court of the attorney fee issue in Glushakow I also remanded the appellate fees to the trial court, and that it was error for the trial court not to award those fees. If that was not the case, plaintiff argues we should relax the

procedural requirements in Rule 2:11-4 and either grant his appellate fee request or permit him to file another motion for an award of his fees on appeal.

On October 16, 2019, plaintiff filed a motion in the Appellate Division for fees for legal services rendered in Glushakow I. By order dated November 7, 2019, we denied plaintiff's motion. Having denied plaintiff's request for attorney's fees, he had limited options. He might have filed a motion for reconsideration of the November 7, 2019 order under Rule 2:11-6 or filed a petition for certification to the Supreme Court. Plaintiff did not choose either option; he filed a new appeal. There is no procedure that authorizes the filing of a new appeal as a collateral attack on this court's earlier order nor does plaintiff cite authority to permit this. The November 7, 2019 order resolved the issue presented in this appeal and has not been appealed.

If we were to consider the new appeal as a request for reconsideration of our November 7, 2019 order, it is clear the standards for reconsideration were not met. Reconsideration is not appropriate merely because a litigant is dissatisfied with a decision. D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). It is appropriate only where "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance

A-1119-19

of probative, competent evidence." Ibid. Reconsideration may also be granted where "a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application . . . ." Ibid.

Here, plaintiff has not provided new information that was not previously available. He has not shown that the November 7, 2019 order was palpably incorrect or failed to consider something in the record.

Rule 2:11-4 permits "[a]n application for a fee for legal services rendered on appeal . . . ." The rule is clear that a fee request "shall be made by motion . . . and filed within [ten] days after the determination of the appeal." Ibid. Glushakow I was decided on March 5, 2019. There was nothing in our opinion that referred appellate fees to the trial court. Indeed, appellate fees had not been requested. Under the Rule, plaintiff could only have applied for appellate fees after our decision was made and not before it. The trial court was correct that we had not delegated to it the authority to determine appellate fees for Glushakow I.

Plaintiff applied for appellate fees on May 20, 2019, which was well beyond the ten-day limit in Rule 2:11-4. Because a petition for certification was pending, the motion could not be filed. When the petition was denied on October 7, 2019, plaintiff filed another motion for fees on October 16, 2019. That motion

was considerably more than ten days after the decision in <u>Glushakow I</u>. Thus, the motion for fees was out of time.

In <u>Tarr v. Bob Ciasulli's Mack Auto Mall</u>, 390 N.J.Super. 557, 570 (App. Div. 2007), aff'd 194 N.J. 212 (2008), we noted that "[i]n the absence of a referral from the appellate court to the trial court, the trial court has no authority to award such fees." There was no referral here. There is no reason on the facts of this case to relax the ten-day filing requirement under <u>Rule</u> 2:11-4, particularly when we already issued an order that denied these fees.

After carefully reviewing the record and the applicable legal principles, we conclude that plaintiff's further arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1119-19